**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Martin Alonso LICEA–BARAJAS,
Defendant—Appellant.**

No. 05–50038.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided March 22, 2006.

Douglas E. Miller, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Suzanne M. Lachelier, AFP, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: MCKEOWN and BERZON, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

We reverse Martin Licea's conviction for illegal reentry into the United States, under 8 U.S.C. § 1326, and remand for further proceedings. The government improperly asked the jury to infer a fact it knew to be false. *See United States v. Kojayan,* 8 F.3d 1315, 1317–23 (9th Cir. 1993). The government told the jury to infer that the immigration judge had considered, and rejected, Licea's derivative citizenship claim even though the government knew that the immigration judge had no reason to consider Licea's claim. Under 8 U.S.C. § 1432(a)(4), a person must have been younger than 18 years old at the time of the relevant parent's naturalization to be eligible for derivative citizenship. The transcript of Licea's removal hearing clearly shows that the immigration judge thought, mistakenly, that Licea was 20 years old when his mother was naturalized (he was actually 16 years old at the time)

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and thus, had no reason even to consider derivative citizenship as an issue.

The government's improper comments, which Licea objected to at trial, more likely than not had a material effect on the jury's verdict. *See United States v. Tam,* 240 F.3d 797, 802 (9th Cir.2001). Derivative citizenship was the key issue in this case, and the government repeatedly urged the jury to decide the issue on improper—yet convenient—grounds.

On remand, the district court, not the jury, should make this legal determination. The meaning of the phrase "thereafter begins to reside permanently in the United States" within 8 U.S.C. § 1432(a)(5) is a question of law.

**REVERSED and REMANDED.**